

ENTERED
08/02/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ANGLO-DUTCH PETROLEUM | § | CASE NO: 19-30797 |
| INTERNATIONAL, INC. | § | |
|     Debtor(s) | § | |
| | § | CHAPTER 7 |
| | § | |
| FOREST HUNTER SMITH | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 19-3546 |
| | § | |
| SCOTT V VAN DYKE, *et al* | § | |
|     Defendant(s) | § | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion for Withdrawal of Reference (ECF No. 5) filed by defendants Anglo-Dutch Energy L.L.C. ("ADE") and Scott Van Dyke ("Van Dyke"). Pursuant to General Order No. 2011-12 in the United States District Court for the Southern District of Texas ("Authority of Bankruptcy Judges to Enter Final Orders"), as well as Bankruptcy Local Rule 5011-1, this Court makes the following report and recommendation to the District Court.

## FACTUAL AND PROCEDURAL BACKGROUND

In the instant motion, ADE and Van Dyke request the District Court withdraw the reference of this adversary proceeding to this Court. On February 11, 2019, the debtor filed the underlying Chapter 7 bankruptcy case. ADE and Van Dyke have never filed a proof of claim in that case. On June 24, 2019, plaintiff Forest Hunter Smith filed a Notice of Removal of *Forest Hunter Smith vs. Scott Van Dyke, Anglo-Dutch Energy, L.L.C., Anglo-Dutch Petroleum International, Inc., Anglo-Dutch (Tenge), LLC and Theresa M. Van Dyke*, Cause No. 2009-

79363 from the 295th District Court of Harris County, Texas to this Court. In that case, the plaintiff asserted fraudulent transfer claims against the debtor and other non-debtor insiders.

## LEGAL ANALYSIS

This adversary proceeding cannot be tried in this Court because a valid jury demand has been made and the movants do not consent to the Bankruptcy Court conducting a jury trial. The Supreme Court has held that a defendant that has not filed a proof of claim, and has been sued for the recovery of an allegedly fraudulent transfer, has a right to a trial by jury under the Seventh Amendment of the U.S. Constitution. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33 (1989); *Katchen v. Landy*, 382 U.S. 323 (1966). In fact, the Supreme Court succinctly stated that "a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate." *Granfinanciera*, 492 U.S. at 35.

The plaintiff in this adversary proceeding, who is likely to be replaced by the Chapter 7 Trustee, is seeking damages from ADE and Van Dyke from alleged fraudulent transfers. ADE and Van Dyke have not filed a proof of claim. Therefore, they are entitled to a jury trial. Under 28 U.S.C. 157(e), a bankruptcy judge may only conduct a jury trial if that judge is "specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties." The movants do not consent to this Court conducting a jury trial; therefore, it is appropriate for the reference to be withdrawn from this Court and the jury trial be held in the District Court.

This Court notes that the plaintiff has filed a limited objection to the instant motion (ECF No. 10), in which they concede that ADE and Van Dyke are entitled to a jury trial. However, the plaintiff has requested that the instant motion only be granted only on the limited basis for the

District Court to conduct a jury trial.  The plaintiff requests that the District Court authorize this Court to resolve any and all pre-trial dispositive motions.  While this Court recommends that the reference be withdrawn for, it certainly stands willing and ready to resolve any pre-trial matters including dispositive motions.

**THEREFORE, IT IS ORDERED** that this Court recommends to the District Court that the reference of this case to this Court be withdrawn.  However, this Court is ready and willing to handle any pre-trial matters including dispositive motions.

SIGNED: 08/02/2019.

_____
Jeffrey P. Norman
United States Bankruptcy Judge