IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ANGLO-DUTCH PETROLEUM** | § | **Case No. 19-30797** |
| **INTERNATIONAL, INC.,** | § | |
| | § | |
| Debtor. | § | |
| | § | |

_____

| | | |
|---|---|---|
| **FOREST HUNTER SMITH** | § | **ADV. PROC. 19-03546** |
| | § | |
| Plaintiff, | § | **(Removed from 295th Judicial** |
| | § | **District Court of Harris County,** |
| VS. | § | **Texas; Cause No. 2009-79363)** |
| | § | |
| **SCOTT VAN DYKE; ANGLO-DUTCH** | § | |
| **ENERGY L.L.C.; ANGLO-DUTCH** | § | |
| **PETROLEUM INTERNATIONAL, INC.;** | § | |
| **ANGLO-DUTCH (TENGE), LLC; and** | § | |
| **THERESA M. VAN DYKE** | § | |
| | § | |
| Defendants. | § | |

_____

### ANGLO-DUTCH ENERGY, L.L.C.'S AND SCOTT VAN DYKE'S MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE FOR ADVERSARY NUMBER 19-03546

A JURY TRIAL IS DEMANDED AND RELIEF IS SOUGHT FROM A
UNITED STATES DISTRICT JUDGE.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF
YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE
A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU
MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE
(21) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR
RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE
GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE
RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.
IF YOU OPPOSE THE MOTION AND HAVE NOT RECEIVED AN

**AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE BANKRUPTCY COURT AND/OR DISTRICT COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COME NOW Anglo-Dutch Energy, LLC ("ADE") and Scott Van Dyke ("Van Dyke") and file this ***Memorandum in Support of Motion to Withdraw the Reference for Adversary Number*** **19-03546** (the "Motion"), and would show the Court as follows:

## I.
## INTRODUCTION

1.      The Motion is based on 28 U.S.C. §157(d), Rule 5011(a) of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Southern District of Texas. This memorandum is being filed with the Clerk of the Bankruptcy Court concurrently with the filing of the Motion.

2.      ADE and Van Dyke move the District Court to withdraw the reference of this Adversary Proceeding to the Bankruptcy Court. ADE and Van Dyke have not filed a claim against the bankruptcy estates of the Debtor. ADE and Van Dyke have a Constitutional right under the Seventh Amendment to a jury trial for this matter. ADE and Van Dyke do not consent to the Bankruptcy Court conducting a jury trial in this matter and do not consent to the Bankruptcy Court entering final orders or judgments in this matter. As such, the Bankruptcy Court can neither conduct a jury trial, *see* 28 U.S.C. § 157(e), nor enter any final orders or judgments in this Adversary Proceeding. In addition, and in the alternative, "cause" exists to permissively withdraw the reference and to immediately withdraw the reference to preserve judicial resources.

## II.
## FACTS

3.      On February 11, 2019 (the "Petition Date"), ADPI (the "Debtor") filed a voluntary

petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq.*

4.      ADE and Van Dyke did not file a proof of claim asserting a claim against the

Debtor's bankruptcy estate.

5.      On June 24, 2019, Plaintiff Forest Hunter Smith ("Petitioner") filed his Notice of

Removal in relation to Cause No. 2009-79363; *Forest Hunter Smith vs. Scott Van Dyke, Anglo-

Dutch Energy, L.L.C., Anglo-Dutch Petroleum International, Inc., Anglo-Dutch (Tenge), LLC

and Theresa M. Van Dyke*; in the 295th District Court of Harris County, Texas. The instant

Adversary Proceeding arises from the Petitioner's removal of the state court case.

6.      As of the date of this filing, no hearings or pre-trial conferences have been held in

this Adversary Proceeding and no discovery has been conducted.

## III.
## ARGUMENT AND AUTHORITIES

**A.      28 U.S.C. § 157(d) and the General Order of Reference**

7.       Under the "General Order of Reference" of the United States District Court for

the Southern District of Texas, authorized by 28 U.S.C. § 157(a), "bankruptcy cases and

proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United

States Code are automatically referred to the bankruptcy judges of this district."

8.       Section 157(d) provides for the withdrawal of the reference by the district court.

28 U.S.C. § 157(d). "The district court may withdraw, in whole or in part, any case or

proceeding referred under this section, on its own motion or on timely motion of any party, for

cause shown." *Id.*  Here, there are three reasons that require the withdrawal of the reference:

(1) the Bankruptcy Court does not have constitutional authority to enter a final judgment in this action; (2) ADE and Van Dyke have demanded a jury trial and do not consent to the Bankruptcy Court conducting a jury trial; and (3) permissive withdrawal exists under the factors set forth in *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985). Finally, cause exists for immediate withdrawal of the reference to preserve judicial resources.

     **B.**    <u>**The Bankruptcy Court does not have the constitutional authority to enter a final judgment in this action**</u>

9.     The Bankruptcy Court does not have the constitutional authority to enter a final judgment in this action, because the determination of the Petitioner's claims is not necessary to resolve the claims-allowance process.

10.     In *Stern v. Marshall*, the United States Supreme Court held that even though bankruptcy courts are statutorily authorized to enter a final judgment on certain types of bankruptcy related claims, Article III of the Constitution prohibits bankruptcy courts from finally adjudicating certain of those claims. 564 U.S. 462 (2011).

11.     "[W]hen a debtor pleads an action arising only under state-law…; or when the debtor pleads an action that would augment the bankruptcy estate, but not 'necessarily be resolved in the claims allowance process [citation omitted]; then the bankruptcy court is constitutionally prohibited from entering final judgment." *BP RE, L.P v. RML Waxahachie Dodge, L.L.P. (In re DP RE, L.P.)*, 735 F.3d 279, 286 (5th Cir. 2013) (quoting *Waldman v. Stone*, 698 F.3d 910, 919 (6th Cir. 2012)). "There is no dispute that actions to recover preferential or fraudulent transfers were often brought at law in late 18th-century England." *Granfinanciera, S. A. v. Nordberg*, 492 U.S. 33, 43 (1989). Such causes of action "'constitute no part of the proceedings in bankruptcy but concern controversies arising out of it' – are quintessentially suits at common law that more nearly resemble state-law contract claims

brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy res." *Id*. at 56 (quoting *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 94 (1932)).

12.     As such, bankruptcy courts do not have the constitutional authority to enter final judgments on preferential and fraudulent conveyance claims asserted against defendants that have not asserted a claim against the bankruptcy estate. *See Langenkamp v. Culp*, 498 U.S. 42, 45 (1990) ("If a party does not submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer."); *Granfinanciera S.A. v. Nordberg*, 492 U.S. 33, 58 – 59 (1989) ("Because petitioners here, like the petitioner in *Schoenthal*, have not filed claims against the estate, respondent's fraudulent conveyance action does not arise 'as part of the process of allowance and disallowance of claims.' Nor is that action integral to the restructuring of debtor-creditor relations."); *Katchen v. Landy*, 382 U.S. 323 (1966). This is so because the alleged preference or fraudulent conveyance claim is not necessary to resolve whether to allow the defendant's claim on the estate and is not a part of the debt restructuring process.

13.     Such is the case here. Petitioner make claims to avoid and recover alleged fraudulent transfers. The Court can, and is hereby requested to, take judicial notice that ADE and Van Dyke have not filed a proof of claim in this case. ADE and Van Dyke have not consented to this Bankruptcy Court's equitable jurisdiction and have not consented to the Bankruptcy Court's entering final orders and judgments on Petitioner's claim. Thus, ADE and Van Dyke are not creditors of the Debtor's bankruptcy estate and are not subject to the Bankruptcy Court's equitable jurisdiction. Thus, the claim allowance or disallowance process is not invoked. Petitioner's claim is a suit at state or common law brought to possibly augment the

5

bankruptcy estate rather than dealing with the hierarchical order of claims against a bankruptcy estate. As such, Petitioner's alleged fraudulent transfer claim is not integral to the restructuring of debtor-creditor relations, *see Granfinanciera*, 492 U.S. at 58-59, and the Bankruptcy Court does not have Constitutional authority to enter final orders or judgments in this Adversary Proceeding.

        **C.**      <u>**ADE and Van Dyke have demanded a jury trial and do not consent to the Bankruptcy Court conducting a jury trial in this matter**</u>

14.      Petitioner's claims cannot be heard by the Bankruptcy Court at trial because ADE and Van Dyke have a constitutional right to a jury trial, have demanded a jury trial, and do not consent to a jury trial being conducted by the Bankruptcy Court.

15.      The Supreme Court's opinions in *Langenkamp v. Culp, Granfinanciera, S.A. v. Nordberg, and Katchen v. Landy*, have made clear that a defendant that has not filed a claim against the bankruptcy estate and that has been sued for the avoidance and recovery of a transfer or otherwise on account of a claim for "legal relief" (i.e., monetary damages), as opposed to "equitable relief," has a constitutional right to a trial by jury. In *Langenkamp*, the Supreme Court set forth:

> In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity….If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference defendant is entitled to a jury trial.

> Accordingly, 'a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.'

*Langenkamp*, 498 U.S. at 44-45.

16.      Petitioner seeks legal relief in his action against ADE and Van Dyke in the form of monetary damages arising from alleged fraudulent transfers. As previously stated, ADE and Van Dyke have not filed a proof of claim in this case and have not otherwise consented to the bankruptcy court's equitable jurisdiction. As such, ADE and Van Dyke are entitled to a jury trial on the Petitioner's claims.

17.      Section 157(e) only permits a bankruptcy judge to conduct a jury trial if the bankruptcy judge is "specifically designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e).  ADE and Van Dyke do not consent to the bankruptcy court conducting a jury trial in this matter. As such, the Bankruptcy Court cannot conduct a jury trial.

>        **D.       <u>Cause for Permissive Withdrawal of the Reference</u>**

18.      The Fifth Circuit has held that district courts should decide "cause" for permissive withdrawal of the reference by considering whether: (1) the underlying lawsuit is a non-core proceeding; (2) uniformity in bankruptcy administration will be promoted; (3) forum shopping and confusion will be reduced; (4) economical use of debtors' and creditors' resources will be fostered; (5) the bankruptcy process will be expedited; and (6) a party has demanded a jury trial. *Holland Am. Ins. Co. v. Roy*, 777 F.2d 992, 999 (5th Cir. 1985). These factors strongly weigh in favor of withdrawal of the reference by the District Court.

19.      <u>Underlying actions are non-core proceedings</u>. Petitioner's claims are brought under the Texas Uniform Fraudulent Transfer Act ("TUFTA"). Normally, Section 157(b)(2)(H) of Title 28 defines proceedings to avoid and recover fraudulent transfers as core proceedings.

However, the Petitioner's actions are not brought by the Debtor or the Debtor's estate. This factor that weighs in favor of withdrawal of the reference.

20.     <u>Uniformity in bankruptcy administration</u>. "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing the court to adjudicate the proceeding will promote uniformity in the bankruptcy administration." *Johnson v. Williamson (In re British American Properties III, Ltd.)*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007); *see Palmer & Palmer, P.C. v. US Trustee (In re Hargis)*, 146 B.R. 173, 176 (N.D. Tex. 1992). Here, the Bankruptcy Court is not familiar with the facts of these actions. As of the date of this filing, no hearings have been held in this Adversary Proceeding. No motions have been filed or evidentiary hearings held concerning or addressing the merits of the claims to allow the Bankruptcy Court to gain familiarity with the underlying facts in this Adversary Proceeding. As such, the second factor favors withdrawal of the reference.

21.     <u>Forum shopping and confusion will be reduced.</u> Petitioner initiated this Adversary Proceeding by removing the underlying state court proceedings to the District Court. The Bankruptcy Judge issued no rulings against ADE or Van Dyke that would lead them to forum shop. While "[i]n some sense, any party who objects to Bankruptcy Court adjudication is forum shopping,…[a] good faith claim of right…should not on that basis alone be denied as forum shopping." *Id.* Here, ADE and Van Dyke have a good faith right to a jury trial in the District Court, and there is no evidence that neither ADE nor Van Dyke are forum shopping. Therefore, the third factor favors withdrawal of the reference.

22.     <u>Economical use of debtors' and creditor's resources will be fostered</u>. "[T]he fact that a given law or procedure is efficient…will not save it if it is contrary to the Constitution." *Stern v. Marshall*, 564 U.S. 462 (2011) (quoting *INS v. Chadha*, 462 U.S. 919,

944 (1983)). Neither ADE nor Van Dyke have filed a proof of claim against the bankruptcy estate. The Constitution both guarantees a jury trial to ADE and Van Dyke and requires an Article III judge to adjudicate the claims against them. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 54-55, 64 (1989). Immediate withdrawal of the reference would serve the interests of judicial economy and conservation of resources, because it will allow the District Court to gain familiarity with the facts of this Adversary Proceeding before trial. Accordingly, the interests of judicial economy and conservation support the withdrawal of the reference.

23. <u>The bankruptcy process will be expedited</u>. "A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy estate*." British American Properties III*, 369 B.R. at 328 (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3rd Cir. 1990)). While administration of the estate is still pending, there will be no delay in the administration of the estate if the District Court adjudicates this Adversary Proceeding. Further, when a bankruptcy court is unable to conduct a jury trial, leaving the suit in bankruptcy court requires the District Court to conduct a *de novo* review. This delays the final resolution of the dispute and distributions to creditors in the main bankruptcy case. Thus, the fifth factor favors withdrawal as well.

24. <u>ADE and Van Dyke have demanded a jury trial</u>. ADE and Van Dyke have demanded a jury trial and are entitled to one. *Granfinanciera*, 492 U.S. at 62, discussed *supra*; *Langenkamp*, 498 U.S. at 45, discussed *supra*. Therefore, the sixth factor weighs heavily in favor of withdrawal of the reference.

25.     All of the six *Holland America* factors favor withdrawal of the reference by the District Court. Thus, there is cause under 28 U.S.C. § 157(d) for permissive withdrawal of the reference.

**E.     Cause exists for immediate withdrawal**

26.     The District Court should withdraw the reference immediately. Here, as stated above, there is a right to a jury trial on the Petitioner's actions.

27.     Judicial efficiency is the dominant factor in determining whether withdrawal is appropriate, because unnecessary delay and costs can be avoided by a single proceeding in the District Court in matters that are subject to *de novo* review. Unless the reference is withdrawn immediately, judicial resources will be duplicated, because the Bankruptcy Court cannot enter a final judgment in this matter. Any decision by the Bankruptcy Court would be subject to the District Court's *de novo* review. More importantly, the Bankruptcy Court cannot conduct the jury trial of this matter. As a result, this matter would inevitably be determined by the District Court. "…[I]mmediate withdrawal of reference will serve the interests of judicial economy and conservation of resources because it will allow the District Court to gain familiarity with the facts of this Adversary Proceeding before trial." *Compton v. GL Noble Denton (In re MPF Holdings US LLC)*, 2013 Bankr. LEXIS 5772, *7 (Bankr. S.D. Tex. April 26, 2013); *see also Green v. FDIC (In re Tamalpais Bancorp)*, 451 B.R. 6, 11 (N.D. Cal. 2011)("[J]udicial efficiency and costs [are] best served by withdrawing the reference so that the district court [can] address the claims in a single proceeding."); *Boyd v. GMAC Mortgage LLC*, 2012 U.S. Dist. LEXIS 57456, 7-8; 2012 WL 1424992 (N.D. Cal. April 24, 2012)("[A] referral to bankruptcy would result in a duplication of judicial resources whereby the bankruptcy court first would submit its proposed findings of fact and conclusions of law to the district court, and

the district court then would review de novo the bankruptcy court's conclusions and enter a final order or judgment.").

28.     If withdrawal of the reference is not granted now, even dispositive motions would be inefficiently litigated for the first time before the Bankruptcy Court and then a second time before the District Court on *de novo* review. Even though a Bankruptcy Court can issue proposed findings of fact and conclusions of law for the District Court's consideration on dispositive motions, Rule 9033(d) of the Federal Rules of Bankruptcy Procedure provides that the District Court is authorized and required to "receive further evidence" to conduct a proper *de novo* review. This results in recurrent litigation, which burdens both the judiciary and the parties. In contrast, immediate withdrawal ensures that this matter is litigated only once.

29.     Even if a matter proceeds to a jury trial, duplication of judicial resources occurs, because "the bankruptcy court would have to certify the matter to the district court, with a report of the status of the proceeding in bankruptcy, in order for the action ultimately to proceed to jury trial." *Boyd*, 2012 U.S. Dist. LEXIS 57456 at 9.

30.     The delay and costs to the parties also favors immediate withdrawal. Unnecessary delay and costs to the parties can be avoided by withdrawing the reference. The District Court must resolve this matter by one of two methods: (1) the claims are resolved through dispositive motions; or (2) the claims are litigated before a jury. Under both alternatives, this matter must be heard and decided by the District Court. First, any decision by the Bankruptcy Court on dispositive motions must be made through proposed findings of fact and conclusions of law that is subject to de novo review by the District Court. This causes both delay and additional costs to the parties as they would have two rounds of litigation rather than a single proceeding before the District Court. Second, the Bankruptcy Court cannot preside over

a jury trial in this matter because ADE and Van Dyke do not consent. This would require the Bankruptcy Judge to certify the matter to the District Court and prepare a status report of the proceeding in bankruptcy upon the matter being ready for trial. This results in an unnecessary step that causes delay, requires two judges to spend time learning the case, and increases the costs to the parties. In contrast, if withdrawal is granted at this time, the District Court could proceed directly to trial when this matter is trial ready.

31.     For purposes of uniformity of the proceedings in this matter, immediate withdrawal is favored. As stated above, it is inefficient and duplicative to have two courts handling the same proceedings in a single matter.

32.     Finally, there is no threat of forum shopping. It is not just that ADE and Van Dyke have a right to a jury trial and to have the District Court finally decide the claims in this matter – ADE and Van Dyke also seek to have this action proceed before the court that must finally decide the claims, thus avoiding judicial inefficiencies and additional costs and delay to the parties. Such motives do not constitute forum shopping.

## IV.
## CONCLUSION

WHEREFORE, ADE and Van Dyke respectfully request that this Court grant their *Motion to Withdraw the Reference of Adversary Proceeding Number 19-03546,* withdraw the reference of Adversary Proceeding Number 19-03546, from the Bankruptcy Court, and for all such other and further relief to which ADE and Van Dyke are justly entitled.

Dated: July 8, 2019                      Respectfully submitted,
       Houston, Texas

                                            **HENKE, WILLIAMS & BOLL, LLP**

By: */s/ Jett Williams III*
JETT WILLIAMS III
*Attorney-In-Charge*
State Bar of Texas No. 21554000
JWilliams@HenkeLawFirm.com
EMILY L. WILLIAMS
State Bar of Texas No. 24093375
EWilliams@HenkeLawFirm.com
2929 Allen Parkway, Suite 3900
Houston, Texas 77019
Telephone:     (713) 940-4500
Facsimile:     (713) 940-4545
**Counsel for Anglo-Dutch Energy, LLC and Scott Van Dyke**

### CERTIFICATE OF SERVICE

I hereby certify that this document was filed July 8, 2019 through the CM/ECF system and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF). I certify that the undersigned attorney is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.

*/s/ Jett Williams III*
Jett Williams III

13