# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC., | § § § | Case No. 19-30797 |
| | § | |
| Debtor. | § § | |

| | | |
|---|---|---|
| FOREST HUNTER SMITH, | § | ADV. PROC. NO. 19-03544 |
| | § | |
| Plaintiff, | § § | |
| VS. | § § | |
| SCOTT VAN DYKE; ANGLO-DUTCH ENERGY L.L.C.; ANGLO-DUTCH PETROLEUM INTERNATIONAL, INC.; ANGLO-DUTCH (TENGE), LLC; and THERESA M. VAN DYKE | § § § § § § | |
| Defendants. | § § | |

**RESPONSE AND LIMITED OBJECTION OF FOREST HUNTER SMITH TO ANGLO-DUTCH ENERGY, L.L.C.'S AND SCOTT VAN DYKE'S MOTION TO WITHDRAW THE REFERENCE FOR ADVERSARY NUMBER 19-03546**
[RELATES TO DKT. NOS. 5, 6]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Forest Hunter Smith ("Smith") files this Response and Limited Objection (the "Response") to Anglo-Dutch Energy, LLC's and Scott Van Dyke's (the "Movants") *Motion to Withdraw the Reference for Adversary Number 19-03546* (the "Motion") [Dkt. No. 5] and *Memorandum in Support of Motion* [Dkt. No. 6]. In support of the Response, Smith states as follows:

**RESPONSE**

1. This adversary proceeding arises from a fraudulent transfer action filed by Smith in the 295th Judicial District Court of Harris County, Texas, styled *Forest Hunter Smith v. Scott Van Dyke, Anglo-Dutch Energy, L.L.C., Anglo-Dutch Petroleum International, Inc., Anglo-Dutch (Tenge), LLC and Theresa M. Van Dyke*, Cause No. 2009-79363 (the "State Court Action").

2. In the State Court Action, Smith asserted fraudulent transfer claims under Section 24 of the Texas Business and Commerce Code against Debtor Anglo-Dutch Petroleum International, Inc. (the "Debtor") and non-Debtor insiders Scott Van Dyke ("Mr. Van Dyke"), Anglo-Dutch Energy L.L.C. ("ADE"), Anglo-Dutch (Tenge), LLC ("ADT"), and Theresa M. Van Dyke arising out of the fraudulent transfers of approximately $20 million from the Debtor to insiders Mr. Van Dyke and ADE. These fraudulent transfers left the Debtor without sufficient monies to pay the final judgment that Smith has obtained against the Debtor in a Texas state court.

3. The State Court Action was removed to this Court on June 24, 2019. *See* Dkt. 1.

4. Simultaneously with the filing of this Response, Smith and Eva S. Engelhart, Chapter 7 Trustee (the "Trustee") of the estate of Anglo-Dutch Petroleum International, Inc., have filed a motion to substitute the Trustee into this adversary proceeding in place of the Debtor, and to realign the Trustee as a plaintiff.

5. Upon the filing of this Chapter 7 case, the fraudulent transfer claims alleged here became part of the Chapter 7 estate—controlled by the Trustee—and are core claims.

**A.     The Court Should Withdraw the Reference Only for a Jury Trial.**

6. The party seeking withdrawal of the reference bears the high burden of establishing cause under 28 U.S.C. § 157(d). *In re Morrison*, 409 B.R. 384, 389 (S.D. Tex. 2009). "Cause for

withdrawal can exist only if premised upon a sound articulated foundation." *Id.* (internal quotation marks and citations omitted).

7. Section 157(d) of the United States Code authorizes the district court to withdraw the reference for "cause shown." Courts in the Fifth Circuit typically consider the following factors to determine if cause exists to withdraw the reference:

(1) Whether the underlying lawsuit is a core or non-core proceeding;

(2) Whether a promotion of uniformity in bankruptcy administration will be achieved;

(3) Whether forum shopping and confusion will be reduced;

(4) Whether there will be economical use of the debtors' and creditors' resources;

(5) Whether the withdrawal of reference will expedite the bankruptcy process; and

(6) Whether a party has demanded jury trial.

*See, e.g.*, *In re EbaseOne corp.*, No. 06-3197, 2006 WL 2405732, at *2 (Bankr. S.D. Tex. June 14, 2006) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)).

8. This adversary proceeding involves a core matter. Further, the remaining factors weigh in favor of denying withdrawal of the reference for pre-trial matters. Nonetheless, Smith recognizes that the Defendants would have a right to a jury trial only if the Defendants defeat any pre-trial dispositive motions and can raise fact issues as to the fraudulent transfer claims. Accordingly, Smith requests that this Court recommend that the District Court withdraw the reference only after this Court has presided over and resolved all pre-trial matters, including but not limited to any dispositive motions, and has determined that fact issues remain that require jury resolution.

## B. This Court May Issue Final Judgment on this Core Proceeding.

9. Pursuant to 28 U.S.C. § 1334(a), the district courts of the United States have "original and exclusive jurisdiction over all cases under title 11." Under 28 U.S.C. § 157(a), district courts have the authority to refer cases arising under title 11 and proceedings arising in or related to a case under title 11 to the bankruptcy judges for their districts. 28 U.S.C. § 157(a); *Stern v. Marshall*, 131 S. Ct. 2594, 2603-04 (2011); *Wellness Int. Network, Ltd.* v. *Sharif*, 135 S. Ct. 1932, 1939-1940 (2015). In the United States District Court for the Southern District of Texas, General Order 2012-6 provides for the automatic referral of such proceedings to the United States Bankruptcy Court for the Southern District of Texas.

10. Bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" and "may enter appropriate orders and judgments" on those proceedings. 28 U.S.C. § 157(b)(1). Such orders and judgments are then subject to appellate review by the district courts. 28 U.S.C. § 158.

11. Section 157(b)(2) of the United States Code enumerates a non-exhaustive list of core proceedings, including "(A) matters concerning the administration of the estate; . . . (H) proceedings to determine, avoid, or recover fraudulent conveyances; . . . [and] (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims." 28 U.S.C. § 157(b)(2).

12. The fraudulent transfer claims alleged in this adversary proceeding are clearly core proceedings, as they concern the administration of the estate, seek to recover fraudulent conveyances, and otherwise affect the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship. *See In re Erickson Ret. Cmtys., LLC*, 475 B.R. 762, 763 (Bankr.

N.D. Tex. 2012); *In re DBSI, Inc.*, 466 B.R. 664, 665 (Bankr. D. Del. 2012) (finding that state-law fraudulent transfer claims are "core" proceedings"); *In re Ramirez*, 413 B.R. 621, 628 (Bankr. S.D. Tex. 2009) ("The TUFTA claim is an action to avoid the alleged fraudulent transfers, which is part of the illustrative list of core proceedings under § 157(b)(2) . . . [t]herefore the TUFTA claim is core.").

13. Because this action involves core proceedings, the Court has the authority to enter final orders in this adversary proceeding, including final orders on pre-trial dispositive matters.

**C. The Remaining Factors Weigh Against Withdrawal for Pre-Trial Matters.**

14. The remaining factors weigh against withdrawal of the reference for all pre-trial matters. Nevertheless, the Defendants have asserted their right to a jury trial, and Smith concedes that this Court cannot hold a jury trial without the Defendants' consent. As such, it is appropriate for the Court to withdraw the reference solely for the purposes of the District Court conducting the jury trial.

    *i. Promotion of uniformity in bankruptcy administration.*

15. "If a bankruptcy court is already familiar with the facts of the underlying action, then allowing that court to adjudicate the proceeding will promote uniformity in the bankruptcy administration." *In re British Am. Props. III, Ltd.*, 369 B.R. 322, 327 (Bankr. S.D. Tex. 2007); *see Palmer & Palmer, P.C. v. U.S. Trustee (In re Hargis)*, 146 B.R. 173, 176 (N.D. Tex. 1992). This Court has familiarized itself with the factual allegations in the Adversary Proceeding and has reviewed all of the pending pleadings. Moreover, this Court presided over the contested hearings in the main case regarding motions to lift stay, for which the Court became familiar with the underlying facts of this action. These circumstances weigh against withdrawal of the reference.

*ii. Forum shopping.*

16. Defendant Scott Van Dyke directed the Debtor to file its bankruptcy petition to prevent Smith from collecting funds from the Debtor based on a ruling by the state court. *See* Case No. 19-30797 Dkt. 12, 26. As a result, Smith filed a motion to lift the automatic stay to collect the funds. *Id.* After an evidentiary hearing, the Court granted Smith's motion, over the Defendants' objection. *See* Case No. 19-30797 Dkt. 36. This action—and three related actions—were then removed to this Court, so that this Court would have all of the related cases before it and to avoid the risk of inconsistent judgments. Having previously lost before this Court, the Defendants now seek to withdraw the reference to move to a third court, the District Court, where they hope they will have better luck. This forum shopping should not be permitted; thus, this factor weighs against withdrawal of the reference.

*iii. Economical use of the debtors' and creditors' resources.*

17. Bankruptcy aims to maximize the efficient use of resources to administer the debtor's estate and resolve related litigation. *Plan Adm'r v. Lone Star RV Sales, Inc. (In re Conseco Fin. Corp.)*, 324 B.R. 50, 55 (N.D. Ill. 2005). If this Court retains all pre-trial matters, the parties' time and resources will be used more economically due to this Court's familiarity with the facts and background of this adversary proceeding. This factor weighs against withdrawal of the reference.

*iv. Expedition of the bankruptcy process.*

18. "A district court should consider the importance of the proceeding to the bankruptcy case and refuse to withdraw the reference if the withdrawal would unduly delay the administration of the bankruptcy case." *In re British Am. Props. III, Ltd.*, 369 B.R. at 328 (citing *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990)). Here, the fraudulently transferred funds

6

constitute one of the most significant assets of the Debtor—assets which are integral to the Trustee's ability to make distributions to creditors. Withdrawal of the reference would significantly delay the Trustee's distributions to creditors, as this adversary proceeding would likely move more quickly in this Court than in the District Court, given this Court's familiarity with the parties and litigation background. Thus, this factor weighs against withdrawal of the reference.

> v. *Jury demand.*

19. The Defendants assert in their motion that they are entitled to a jury trial. Smith does not dispute that the Defendants would have a right to a jury trial only if the Defendants defeat any pre-trial dispositive motions and can raise fact issues as to the fraudulent transfer claims. Smith recognizes, however, that this Court cannot conduct a jury trial absent the Defendants' consent, so this factor weighs in favor of withdrawing the reference solely for jury trial purposes.

20. However, "[t]he right to a jury trial does not preclude a bankruptcy court from resolving pre-trial dispositive motions." *In re Blake*, No. 07-32168, 2008 WL 5043318, at *4 (Bankr. S.D. Tex. Sept. 22, 2008). Therefore, Smith requests that this Court recommend that this Court maintain the reference with respect to pre-trial dispositive motions so that this Court may narrow the issues to be resolved at trial, and further recommend that the District Court withdraw the reference only after all pre-trial dispositive motions have been resolved and, upon the parties readiness to commence the actual jury trial process.

For the reasons stated above, Smith respectfully requests that the Court grant the Motion, but only on the limited basis as requested herein above, and enter the attached proposed order.

Dated: July 31, 2019.
Houston, Texas

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

By: */s/ William R. Greendyke*
William R. Greendyke (SBT 08390450)
Julie Goodrich Harrison (SBT 20492434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com

- and -

HAGANS MONTGOMERY & RUSTAY, P.C.

William Fred Hagans
Texas State Bar No. 08685500
fhagans@hagans.law
Carl D. Kulhanek, Jr.
Texas State Bar No. 11761850
ckulhanek@hagans.law
3200 Travis, Fourth Floor
Houston, Texas 77006
Telephone: 713-222-2700
Facsimile: 713-547-4950

ATTORNEYS FOR FOREST HUNTER SMITH

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2019, a true and correct copy of the foregoing Response was served upon all parties registered to receive service electronically through the Bankruptcy Court's Electronic Case Filing System.

By: */s/ Julie Harrison*
Julie Harrison

## CERTIFICATE OF CONFERENCE

       I hereby certify that on July 30, 2019, I conferred with counsel for the Defendants in an attempt to resolve the relief requested in the Motion without a hearing, who indicated that he would speak with the Defendants regarding the proposed order attached hereto. As of the timing of this filing, I have not received a response from counsel.

                                            By: /s/ *William R. Greendyke*
                                                William R. Greendyke